UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-10304-PA (KK)** | Date: | November 30, 2020 |
| Title: | *Lance Williams v. R. Farley* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed For (1) Failure To Name Proper Respondent And (2) Failure To State A Cognizable Claim

## I.
## INTRODUCTION

On November 2, 2020, Lance Williams ("Williams"), an inmate at Deuel Vocational Institution, constructively filed[1] a pro se Petition for a Writ of Habeas Corpus ("Petition") purporting to challenge his April 15, 2020 disciplinary hearing that resulted in "30 days loss of credit," "4 classification points added," and "denied parole." ECF Docket No. ("Dkt.") 1 at 1. Williams sets forth two claims in his Petition: (1) Correctional Officer R. Farley ("Farley") violated Williams' First and Fourteenth Amendment rights by filing a retaliatory Rules Violation Report ("RVR"), id. at 5; and 2) the RVR was in violation of Williams' First Amendment and "due process" rights because it was improperly labeled as serious, id. at 15.

The Petition, however, appears subject to dismissal for (1) failure to name a proper respondent and (2) failure to state a cognizable habeas claim. The Court will not make a final determination regarding whether the Petition should be dismissed without giving Williams an opportunity to address these issues.

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

II.
**DISCUSSION**

A.   **THE PETITION FAILS TO NAME A PROPER RESPONDENT**

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citations omitted).  Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" Id. at 435; see Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).  The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names Correctional Officer Farley as Respondent. See dkt. 1.  As a correctional officer, Farley neither has custody over Williams nor is the warden of the facility where Williams is being held. Rumsfeld, 542 U.S. at 434–35.  Accordingly, the Petition is subject to dismissal for failure to name a proper respondent. See Monahan v. Pashilk, No. 1:19-CV-00875-LJO-JLT (HC), 2019 WL 3202574, at *2 (E.D. Cal. July 16, 2019) (noting Correctional Officer Pashilk is not the state officer who has custody of Petitioner and therefore "requires dismissal of his habeas petition for lack of jurisdiction").

B.   **THE PETITION FAILS TO STATE A COGNIZABLE CLAIM**

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action pursuant to 42 U.S.C. § 1983 ("Section 1983").  Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted).  Thus, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under [Section] 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal citation and quotation marks omitted); see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (holding a Section 1983 action "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus").

Here, Williams' claims "do not lie at the core of habeas corpus" because success on the Petition would not "necessarily spell speedier release." Skinner, 562 U.S. at 535 n.13.  Williams presents two claims in his Petition: 1) Farley violated Williams' First and Fourteenth Amendment rights by filing a retaliatory RVR, dkt. 1 at 5; and 2) the RVR was in violation of Williams' First Amendment and "due process" rights because it was improperly labeled as serious, id. at 15.  Based on these claims, it appears Williams is challenging the filing of the RVR rather than the resulting

April 15, 2020 disciplinary hearing.[2] See FED. R. CIV. P. 8(a) (requiring a habeas petition contain a "short and plain statement of the claim showing the pleader is entitled to relief"), (d); Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, neither claim suggests Williams was denied the procedural protections under the Due Process Clause at his disciplinary hearing. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) (holding a prisoner's disciplinary proceeding cannot violate due process so long as "some evidence" supports the disciplinary decision). Instead, Williams appears to seek relief turning on the circumstances of his confinement. See Muhammad, 540 U.S. at 750. Hence, the claims in the Petition are not cognizable and must be brought, if at all, under Section 1983.[3]

### III.
### ORDER

For the above reasons, the Petition appears subject to dismissal. Williams is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition for (1) failure to name a proper respondent and (2) failure to state a cognizable claim. Williams must respond to this Order by filing a written response **no later than December 21, 2020**. Williams must respond to this Order by (1) filing a request to amend the Petition to name the person who has custody over Williams (e.g., warden of Deuel Vocational Institution) **AND** (2) choosing one of the following options:

1. Option One: Williams may file a written response explaining why Williams' claims are cognizable on habeas review. If Williams contends his claims are cognizable on habeas review, Williams must explain and attach any supporting documents.

2. Option Two: Williams may file a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any

---

[2] It is unclear whether Williams is also challenging the April 15, 2020 disciplinary hearing on the ground it was not supported by sufficient evidence. See dkt. 1 at 12 ("Petitioner will now establish the hearsay R.V.R. report can't support the guilty finding under [the] preponderance of evidence standard by analyzing the hearing questions and showing the reporting employee is not [a] reliable informant[.]"). To the extent Williams seeks to assert this claim, Williams must respond to this Order clearly indicating his intent to bring this claim and setting forth specific facts supporting his claim in a First Amended Petition. See FED. R. CIV. P. 8(a), (d); Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, ADMINISTRATIVE OFFICE OF THE U.S. COURTS, https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_ and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf (last visited Nov. 29, 2020).

[3] When a prisoner's claim is not cognizable in habeas corpus, the Court may construe the petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Here, however, the Petition is not amenable to conversion on its face to a civil rights complaint. Rather, converting Williams' claims to a civil rights action would impose burdensome constraints– such as a significantly higher filing fee, the means of collecting it, and restrictions on future filings– that could make conversion more disadvantageous to Williams than a dismissal of his habeas petition without prejudice to filing a civil rights complaint. See Nettles, 830 F.3d at 936. The Court, thus, declines to recharacterize Williams' habeas petition as a civil rights complaint.

    manner to the original Petition.  In other words, Williams must start over when preparing the First Amended Petition.  If Williams chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

3. Option Three: Williams may voluntarily dismiss this action without prejudice.  Williams may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form**.  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

    **The Court expressly warns Williams that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a cognizable habeas claim and/or for his failure to comply with court orders and failure to prosecute.  See FED. R. CIV. P. 41(b).**

    <u>The Clerk of Court is directed to serve a copy of this Order on Williams at his current address of record and provide Williams with a blank form Petition for his use in filing a First Amended Petition.</u>

    **IT IS SO ORDERED.**